IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 111,328

STATE OF KANSAS,
*Appellee*,

v.

MATTHEW DENNIS WILSON,
*Appellant*.

SYLLABUS BY THE COURT

1.

Generally, it is within the trial court's sound discretion to determine whether a sentence should run consecutive to, or concurrent with, another sentence.

2.

Judicial discretion is abused if judicial action (1) is arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, *i.e.*, if the discretion is guided by an erroneous legal conclusion; or (3) is based on an error of fact, *i.e.*, if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based.

Appeal from Riley District Court; JOHN F. BOSCH, judge. Opinion filed February 27, 2015. Judgment of the district court is affirmed.

*Michelle A. Davis*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Barry R. Wilkerson*, county attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

1

The opinion of the court was delivered by

NUSS, C.J.:  Matthew Wilson pled no contest to one count of first-degree premeditated murder, two counts of attempted first-degree premeditated murder, and two counts of aggravated battery in connection with a Manhattan shooting. The judge ordered Wilson to serve a hard 25 life sentence for the murder and an additional 310 months for the remaining crimes to run consecutive to his life sentence. He also imposed a period of lifetime parole.

Wilson contends the judge abused his discretion in ordering his sentences to run consecutively instead of concurrently. Because there was no abuse of discretion, we affirm.

FACTS

Dustin Ferguson and Joel Solano lived in an apartment directly across the hall from Wilson. Sometime around 2 a.m. on April 7, 2013, Ferguson returned to the apartment with Michael Lowery, Alexya Mailea, and Christine Kim after a night out in Aggieville. Around 4 a.m., Ferguson and his three guests opened the door to leave. They were met in the hallway by Wilson who immediately started shooting at them with a handgun.

Ferguson, Mailea, and Kim were struck by bullets, and Ferguson pulled Mailea and Lowery back into the apartment while Kim fled down a flight of stairs. Wilson followed Kim and told her he was not going to kill her and that he was only "there for the guys." Wilson then returned to the apartment, shot his way through the locked front door, and entered.

In the meantime, Lowery had run into Solano's bedroom where Solano had been sleeping with his fiancée and young daughter. Solano was awakened by the gunshots and retrieved his own handgun. Solano then shot Lowery when he came into the bedroom, mistaking him for an intruder.

Ferguson escaped by jumping out of his bedroom window. He directed Mailea to follow him, but she was still in Ferguson's room when Wilson returned. As with Kim, Wilson assured Mailea that he was not going to kill her and that he was only "there for the boys." He also told her he was "doing what he was doing" because Ferguson and Solano had too many loud parties in their apartment and that "people deserved to get a good night's sleep." Wilson then went to Solano's bedroom to look for the others.

Wilson failed to enter Solano's bedroom because the door was blocked by Lowery's prone body. He ordered Solano to open the door and threatened to shoot his way into the room if Solano did not comply. Solano had heard Wilson tell Mailea he was "there for the boys," so he remained quiet, hoping Wilson would think no one was there. Wilson eventually gave up and left the apartment. Police took him into custody outside the building a few minutes later.

Lowery died as a result of his gunshot wounds, while Ferguson, Mailea, and Kim were all hospitalized with serious injuries. Wilson pled no contest to one count of first-degree premeditated murder for Lowery's death, two counts of attempted first-degree premeditated murder regarding Ferguson and Solano, and two counts of aggravated battery on Mailea and Kim.

The district judge denied Wilson's request to order his sentences to run concurrently instead of consecutively. Instead, he ordered Wilson to serve life in prison with parole eligibility after 25 years for the murder of Lowery and an additional 310 months to run consecutively to the hard 25 life sentence for his remaining convictions.

3

Our jurisdiction is under K.S.A. 2014 Supp. 22-3601(b)(3), (4) (life sentence imposed for off-grid crime).

ANALYSIS

Issue: *The district judge did not abuse his discretion in ordering Wilson to serve consecutive sentences.*

*Standard of review*

A sentencing judge has discretion to impose concurrent or consecutive sentences in multiple conviction cases under K.S.A. 2014 Supp. 21-6819(b) (absent certain circumstances, the sentencing judge shall "have discretion to impose concurrent or consecutive sentences in multiple conviction cases"). That statute does not set out a list of specific factors the sentencing judge must consider in exercising his or her discretion. Rather, it provides that the judge "may consider the need to impose an overall sentence that is proportionate to the harm and culpability" associated with the crimes. K.S.A. 2014 Supp. 21-6819(b).

This court's abuse of discretion standard is well-established:

"Judicial discretion is abused if judicial action (1) is arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, *i.e.*, if the discretion is guided by an erroneous legal conclusion; or (3) is based on an error of fact, *i.e.*, if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based. *State v. Gonzalez*, 290 Kan. 747, 755-56, 234 P.3d 1 (2010)." *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).

4

Here, Wilson does not allege any errors of fact or law but argues the judge arbitrarily ordered that he serve consecutive sentences. The State responds the decision was not arbitrary, *i.e.*, that, based on the facts of this case, a reasonable person could conclude that consecutive sentences were appropriate.

*Discussion*

Wilson's counsel filed a memorandum before sentencing. In support of his request that the judge exercise his discretion to impose concurrent instead of consecutive sentences, the memorandum expressed Wilson's remorse. It also stated he had acknowledged that the crimes were extensive in scope, substantial in violence, and unjustified. More specifically, counsel emphasized Wilson's physically and emotionally abusive childhood; his alcohol dependence and related medical problems; and his mental health issues, including depression, anxiety, social isolation, insomnia, and intermittent suicidal ideation. Counsel's memorandum also noted Wilson's work history in both the United States Air Force and private sector; his insignificant criminal history—one misdemeanor DUI; and the fact that he was intoxicated when he committed the crimes.

At the sentencing hearing, Wilson accepted responsibility for the crimes and apologized to the victims and their families. He struggled to provide an explanation for his actions, indicating that he just snapped:  "I don't know why it happened. I don't even remember doing it. . . . All I know is something happened, and something in me must have finally broke."

The district judge agreed that Wilson's life had been difficult. But he nevertheless concluded that Wilson's misfortunes could not overcome the degree of harm he caused. In ordering Wilson's sentences to run consecutively, the judge noted the impact on the victims and their families, stating there were many who had been victimized and hurt by

Wilson's crimes. He further found that long-term incarceration would protect society and deter Wilson and others from committing similar crimes in the future.

Given how Wilson has framed his issue on appeal, for this court to conclude the judge abused his discretion by arbitrarily ordering Wilson's sentences to run consecutively instead of concurrently, we would have to conclude that no reasonable person would have taken the judge's view. See *Ward*, 292 Kan. at 550. But given the facts of this case, we cannot reach that conclusion.

Wilson initiated an unprovoked attack on his neighbors, allegedly because he had had enough of loud party noise they sometimes made at night. He shot Ferguson, Mailea, and Kim, attempted to shoot Solano and Lowery, and informed Mailea and Kim that his intent was to kill "the guys." The judge weighed the severity of Wilson's crimes against his remorse and personal history and determined that ordering his sentences to run consecutively would be proportionate to the harm and culpability associated with the crimes. See K.S.A. 2014 Supp. 21-6819(b). Accordingly, we hold the judge did not abuse his discretion in ordering Wilson's sentences to run consecutively.

Wilson also argues that, while the judge imposed a period of lifetime parole at the sentencing hearing, the journal entry incorrectly provides for lifetime postrelease supervision. The State not only concedes this issue, but it also has filed an amended journal entry reflecting the order of lifetime parole. So this issue is moot.

Judgment of the district court is affirmed.

6