NOT DESIGNATED FOR PUBLICATION

Nos. 112,234
112,235
112,236

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEVEN COOPER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOSEPH BRIBIESCA, judge. Opinion filed November 6, 2015. Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., STANDRIDGE, J., and BURGESS, S.J.

*Per Curiam*:  In this consolidated appeal, Steven Cooper appeals the district court's decision to deny the motion he filed to withdraw his guilty pleas. He argues the district court erred when it found Cooper failed to show good cause to support the withdrawal of his pleas. Finding no error in the district court's decision, we affirm.

1

FACTS

In Sedgwick County case number 13-CR-734, the State charged Cooper with one count of theft after a prior conviction. Later, the State charged Cooper in case number 13-CR-1167 with one count of burglary and one count of theft after a prior conviction. Finally, the State charged Cooper in case number 13-CR-1240 with two counts of burglary, two counts of theft after a prior conviction, and two counts of making a false information. Cooper was represented in all of these cases by attorney Casey Cotton.

On December 2, 2013, Cooper and the State entered into a plea agreement to resolve all three cases. Cooper agreed to plead guilty to all of the offenses charged against him in each case. In return, the State agreed it would recommend the presumptive disposition—which both parties believed to be probation—as well as controlling prison sentence of 72 months. The State also agreed that it would not ask the court to increase Cooper's sentence pursuant to any of the special rules relating to prior burglaries, thefts, or offenses that permit such an increase when a charged offense is committed while the defendant is on bond in another case. According to the agreement, Cooper promised that he would not request or argue in favor of any departure sentence and that he would agree to pay restitution to several businesses. Additionally, Cooper agreed not to seek a modification of his sentence if he later was found to have violated his probation.

Cooper signed two forms as part of the plea deal: a Defendant's Acknowledgment of Rights and Entry of Plea and the Plea Agreement. The written plea agreement contained a provision stating that the State would not be bound by the sentencing recommendations in the agreement and could argue for any disposition, including incarceration, if Cooper was arrested, committed a new offense, violated his bond conditions, or failed to appear for a court appearance at any time before sentencing.

A plea hearing was held on December 2, 2013. During the plea colloquy with Cooper, the following exchange occurred:

"THE COURT:  Mr. Cooper, did you have an opportunity to read, review and discuss with Mr. Cotton the information contained in the two forms I have here, the Defendant's Acknowledgement of Rights and Entry of Plea form, as well as the actual Plea Agreement?

"THE DEFENDANT:  Yes, sir, I did, Your Honor.

"THE COURT:  Do you understand all the information in the two forms?

"THE DEFENDANT:  Yes, sir.

"THE COURT:  Do you have any additional questions for Mr. Cotton regarding any of the information?

"THE DEFENDANT:  No, sir, I don't."

In accordance with the plea agreement, Cooper pled guilty to all counts against him. The district court accepted his pleas and scheduled a sentencing hearing.

At the plea hearing, the court also granted Cooper's request for release on bond until the sentencing hearing. In order to secure his pretrial release, Cooper agreed to abide by several bond conditions. Among them was a condition prohibiting him from possessing or consuming drugs unless prescribed by a licensed physician. But on December 17, 2013, Cooper submitted a urine sample that tested positive for cocaine. As a result, Cooper's bond was revoked.

Cooper's sentencing hearing was held on January 15, 2014. At the hearing, the State advised the court that Cooper had violated the conditions of his release on bond. The State further advised the court that it no longer intended to recommend probation for Cooper based on the provision in the plea agreement that released the State from its obligation to do so and permitted the State to argue for any disposition, including incarceration, if Cooper violated his bond conditions. Thereafter, Cooper requested the

3

district court continue the hearing so that he could file a motion to withdraw his pleas. The district court granted Cooper's request.

The court subsequently appointed Kevin Smith to replace Cotton as Cooper's attorney. Smith represented Cooper at the continued sentencing hearing, which was held on March 20, 2014. At the hearing, Smith advised the court that he was unaware the State believed it was released from its obligations regarding sentencing recommendations as set forth in the plea agreement. Smith further advised the court that he intended to file a motion to withdraw pleas on behalf of Cooper unless the State agreed to make those sentencing recommendations. The State refused. The district court again continued the hearing to allow Cooper time to file a motion to withdraw his pleas.

Cooper filed a motion to withdraw his pleas on April 1, 2014. In this motion, Cooper alleged Cotton failed to fully apprise him of the consequences of entering into the plea agreement with the State. A hearing was held on May 9, 2014, to decide the motion. Cotton was the only witness to testify at the hearing. He testified that before entering into the final plea agreement, he and Cooper discussed a number of different plea possibilities. Cotton stated that they were unable to agree with the State on any of the previous plea possibilities because Cooper insisted that the State be willing to recommend probation, and the State had been unwilling to extend on offer that included such a recommendation. On the morning of trial, however, the State finally extended a plea offer that included probation. Cooper ultimately agreed to accept the offer in exchange for pleading guilty, and the State submitted a written plea agreement for Cooper to sign.

Cotton testified that his normal procedure when discussing a document with a defendant was to sit next to the defendant and read the document to him or her. Then, he would ask the defendant if he or she understood the document and whether he or she had any questions. Cotton indicated that he followed this procedure when he reviewed the

4

written plea agreement with Cooper in this case and that Cooper had no questions for him. Cotton testified that he specifically remembered Cooper expressing concern over the length of the underlying sentence recommended in the plea deal as they reviewed the written document. Cotton remembered that Cooper had been offered previous deals that included shorter sentences but with no recommendation for probation and that Cooper chose to accept a longer underlying sentence so that he could have a chance at probation. Cotton testified that he also recalled discussing with Cooper what would happen if Cooper violated the conditions of his bond or the district court judge decided not to follow the plea agreement. Although Cotton testified he did not remember expressly saying to Cooper that the plea agreement required Cooper to refrain from using drugs, Cotton did remember warning Cooper to "stay clean" and "fly right" while out on bond. Cotton testified he believed the need to refrain from using cocaine was implicit within his warning to Cooper and that Cooper understood the terms and conditions of the plea agreement.

At the conclusion of the plea withdrawal hearing, the district court found Cotton did not expressly say to Cooper in so many words that the plea agreement required Cooper to refrain from using drugs. The district court also found Cotton did not specifically discuss with Cooper the fact that drug use prior to sentencing could relieve the State of its obligation to follow the plea agreement. Citing to Cooper's transcribed statements at his plea hearing indicating he read and understood the two documents he signed as part of his plea agreement, however, the court held Cooper "understood that if he violated the conditions of his bond, the State would not be bound by the recommendation and may make any other sentencing recommendation it deems appropriate, including incarceration." In support of this holding, the court noted that Cooper had been in and out of the criminal justice system several times, having no less than 17 felony convictions in his criminal history. For these reasons, the district court denied Cooper's motion to withdraw his pleas.

5

ANALYSIS

Under K.S.A. 2014 Supp. 22-3210(d)(1), a guilty or no contest plea may be withdrawn "for good cause shown and within the discretion of the court" at any time before the sentence is adjudged. This court will not disturb a district court's denial of a defendant's presentence motion to withdraw a plea unless the defendant establishes that the district court abused its discretion. *State v. Macias-Medina*, 293 Kan. 833, 836, 268 P.3d 1201 (2012). A judicial action constitutes an abuse of discretion if the action (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 106, *cert. denied* 134 S. Ct. 162 (2013). A decision is arbitrary, fanciful, or unreasonable when no reasonable person would have taken the view of the district court. *State v. Wilson*, 301 Kan. 403, 405, 343 P.3d 102 (2015).

When considering whether "good cause" has been shown, Kansas courts consider the following factors: "(1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made." *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014). "These factors should not, however, be applied mechanically and to the exclusion of other factors." 299 Kan. at 154.

Cooper claims on appeal that the evidence presented establishes good cause to withdraw his plea under the third factor: he did not understand his plea because he never understood that violating the conditions of his bond would release the State from its obligation to recommend probation. But there is no evidence in the record to support Cooper's claim. In fact, the evidence supports a contrary conclusion. Before entering his plea, Cooper specifically advised the court that he had an opportunity to read, review, and discuss with Cotton all of the information contained in his plea agreement, that he understood the two documents he signed as part of his plea agreement, and that he did not

6

have any questions about them. Consistent with Cooper's verification to the court, Cotton testified that when reviewing the written plea agreement with Cooper, he told Cooper what would happen if Cooper violated the conditions of release on bond and warned him to "stay clean" and "fly right" while on bond.

Although seemingly unrelated to the good cause standard of proof required to withdraw a plea, Cooper also takes issue on appeal with the district court's finding that he had at least 17 prior felony convictions. Cooper claims he had only 10 prior convictions. But Cooper's claim is contradicted by the record. The presentence investigation report in case 13-CR-1167 shows 17 felony convictions. This count includes Cooper's convictions from cases 13-CR-734 and 13-CR-1240. Cooper's claim that he only had 10 prior convictions discounts the 7 total convictions in those two cases. The information in the presentence investigation report and the district court's statement were both accurate, as Cooper had already been convicted in those cases.

Given the facts contained in the record on appeal, we find no error of law, no error of fact, and that a reasonable person could have agreed with the district court's conclusion that Cooper's plea was fairly and understandingly made. Thus, the district court did not abuse its discretion by denying Cooper's motion to withdraw his pleas.

Affirmed.