NOT DESIGNATED FOR PUBLICATION

No. 121,487

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARIA DEJESUS PEREZ-MARQUEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Jackson District Court; NORBERT C. MAREK JR., judge. Opinion filed August 28, 2020. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Kristafer R. Ailslieger*, deputy solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MALONE, J., and WALKER, S.J.

PER CURIAM: Maria DeJesus Perez-Marquez pled no contest to three counts of vehicular homicide and one count of aggravated battery following a fatal car accident. The district court sentenced Perez-Marquez to three consecutive terms of 12 months in the county jail—one term for each count of vehicular homicide. Perez-Marquez appeals, arguing the district court abused its discretion in ordering her sentence. We disagree and find the district court acted within its discretion when it ordered Perez-Marquez to serve three years in the county jail, because it was authorized by Kansas law. For the reasons set out below, we affirm.

1

On November 25, 2017, Perez-Marquez was driving on a two-lane highway when she tried to pass a semi-trailer truck. Upon entering the oncoming lane, Perez-Marquez collided with a minivan, killing three of the minivan's four passengers. The fourth passenger of the minivan, Perez-Marquez, and the passenger in Perez-Marquez' car, were all severely injured.

The State charged Perez-Marquez with one count of reckless driving, three counts of involuntary manslaughter, and two counts of aggravated battery. Pursuant to a plea agreement, Perez-Marquez pled no contest to three amended counts of vehicular homicide, all misdemeanors, and one count of aggravated battery. The remaining charges were dismissed.

Before sentencing, Perez-Marquez' counsel filed a sentencing memorandum requesting the district court grant her probation. Following arguments and a statement by Perez-Marquez, the district court sentenced Perez-Marquez to three consecutive terms of 12 months in the Jackson County Jail for the vehicular homicide convictions, and remanded her to jail to serve those three consecutive years. Additionally, the district court sentenced her to 13 months' imprisonment for the aggravated battery conviction but granted her 24 months' probation. The district court judge reasoned:

> "The simple fact is, in this case, we've had a plea and a finding of guilt on three serious
> charges. I don't think that whatever the penalty, any of the parties involved here is going
> to feel that that's justice because it doesn't bring back the folks who passed, and it doesn't
> repair any of the injuries that people have suffered."

Perez-Marquez timely filed this appeal from the court's sentencing orders.

ANALYSIS

Perez-Marquez argues the district court abused its discretion when it ordered her to serve three, consecutive 12-month sentences for her vehicular homicide convictions because the district court failed to give weight to the factors she argued should mitigate the imposition of jail sentences. Those factors listed in her sentencing memorandum included:  (1) She recognized the pain and suffering of her actions, (2) she had no criminal history and was presumptive probation, (3) she was the sole provider for her family, and (4) she suffered physical and emotional injury from the accident, for which she was seeking mental health treatment. In opposition, the State contends the district court acted well within its discretion because Kansas precedent authorizes a district court to impose consecutive sentences for misdemeanor offenses.

Under K.S.A. 2019 Supp. 21-6819(b), a sentencing judge has "discretion to impose concurrent or consecutive sentences in multiple conviction cases." See *State v. Darrah*, 309 Kan. 1222, 1227, 442 P.3d 1049 (2019). This discretion includes imposing consecutive sentences for misdemeanor offenses. *State v. Huff*, 277 Kan. 195, 206-07, 83 P.3d 206 (2004). The statute, K.S.A. 2019 Supp. 21-6819(b), "does not list specific factors for consideration. Rather, it states the judge 'may consider the need to impose an overall sentence that is proportionate to the harm and culpability' associated with the crimes." *Darrah*, 309 Kan. at 1227 (quoting *State v. Wilson*, 301 Kan. 403, 405, 343 P.3d 102 [2015]). A district court abuses its discretion if the judicial action is:

> "'(1) is arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, *i.e.*, if the discretion is guided by an erroneous legal conclusion; or (3) is based on an error of fact, *i.e.*, if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based.'[Citations omitted.]" *State v. Shank*, 304 Kan. 89, 92, 369 P.3d 322 (2016).

As the party asserting the district court abused its discretion, Perez-Marquez bears the burden of establishing such abuse. See *State v. Corbin*, 305 Kan. 619, 622, 386 P.3d 513 (2016).

Perez-Marquez argues the district court's action was arbitrary, fanciful, or unreasonable, because "no reasonable person could agree with the district court's decision to sentence [her] to three years in jail for her misdemeanor convictions." She contends the factors listed in her sentencing memorandum should be weighed against factors supporting incarceration. Perez-Marquez argues that the district court was aware of these factors, but "did not appear to give them any weight. Instead, the court appeared to only give any weight to the tragedy of the case from the victim[s'] and State's perspective."

Despite Perez-Marquez' contentions, it was not arbitrary, fanciful, or unreasonable for the district court to impose the consecutive jail sentences. Kansas law authorizes a judge to "'consider the need to impose an overall sentence that is proportionate to the harm and culpability'" associated with the crimes. *Wilson*, 301 Kan. at 405. This is exactly what the district court judge did here when he stated, "I don't think that whatever the penalty, any of the parties involved here is going to feel that that's justice because it doesn't bring back the folks who passed, and it doesn't repair any of the injuries that people have suffered." As noted by Perez-Marquez, the district court was aware of the same mitigating factors that she argues on appeal, but the court still sentenced her to three years in jail.

Additionally, Perez-Marquez' argument that no other person could agree with the district court's decision is also not persuasive because similar, or harsher, sentences have been affirmed when challenged on appeal. See *State v. Louis*, 240 Kan. 175, 184-85, 727 P.2d 483 (1986) (finding no abuse of discretion in sentencing defendant to six consecutive sentences for six counts of vehicular homicide); *State v. McNaught*, 238 Kan.

567, 585-87, 713 P.2d 457 (1986) (finding no abuse of discretion in sentencing defendant to maximum sentence possible for vehicular homicide).

Thus, the district court's decision to sentence Perez-Marquez to three consecutive terms of 12 months in the county jail, together with a 24-month probationary period on an underlying sentence of 13 months' imprisonment for the aggravated battery conviction, was not arbitrary, fanciful, or unreasonable. The district court did not abuse its discretion in sentencing Perez-Marquez.

Affirmed.