NOT DESIGNATED FOR PUBLICATION

No. 116,851

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KERON D. BAILEY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed February 16, 2018. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., GARDNER, J., and TIMOTHY L. DUPREE, District Judge, assigned.

PER CURIAM: After multiple probation violations Keron D. Bailey's probation was revoked, and he was sentenced to 233 months in prison. He appeals, claiming the district court abused its discretion in revoking his probation and erred in ordering him to serve 233 months in prison. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Keron Bailey was charged with one count of aggravated robbery, a severity level 3 person felony. Bailey entered into an *Alford* plea in which he pled guilty to aggravated

1

robbery, and the parties agreed to recommend a departure to probation through the Kansas Department of Corrections. See *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). At sentencing on June 7, 2013, the district court followed the plea agreement and sentenced Bailey to 36 months of probation with an underlying prison sentence of 247 months.

Bailey was arrested on July 8, 2013, for various probation violations: using methamphetamine, marijuana, and alcohol; failing to report police contact to his Intensive Supervision Officer (ISO); associating with a known gang member; and two incidents of failing to report to his ISO. Bailey waived his right to an evidentiary hearing and admitted the violations. The court imposed a 60-day jail sanction pursuant to K.S.A. 2013 Supp. 22-3716(c), extended his probation 36 months, and ordered drug and alcohol treatment.

In 2014, Bailey was again arrested for probation violations including failure to follow staff instructions by engaging in horseplay, interacting with female clients, being in areas of the facility he should not have been, refusing to return his radio, failing to report as directed, and verbally threatening a staff member. Bailey admitted the probation violations, and the court sentenced him to a modified prison term of 200 months, declining to reinstate probation.

Bailey appealed the revocation of his probation. The Court of Appeals affirmed the finding that Bailey violated his probation but vacated the district court's disposition upon finding that it did not make specific findings when revoking Bailey's probation as required by K.S.A. 2013 Supp. 22-3716(c)(4). *State v. Bailey*, No. 112,790, 2015 WL 8590550, at *3-4 (Kan. App. 2015) (unpublished opinion). The case was remanded with directions to the district court to either impose an intermediate sanction or set forth with particularity its reasons for ordering Bailey to serve his underlying prison sentence in accordance with the statute. 2015 WL 8590550, at *4.

At the remand hearing on March 25, 2016, the court imposed a sanction of three days in prison and reinstated probation, extending it for three years. The district court also held that the original underlying prison sentence of 247 months was reinstated when this court set aside the prior disposition, which included the modified 200-month prison sentence.

The next month, a warrant was filed alleging Bailey again violated the conditions of his probation by testing positive for methamphetamine, drinking alcohol, failing to report to community corrections, failing to report to his ISO, failing to notify his ISO of a change of address, and absconding from supervision. Following an evidentiary hearing, the district court determined that Bailey violated the conditions of his probation as described in the warrant, except for the absconding allegation. The court revoked Bailey's probation and imposed a modified prison sentence of 233 months after finding that Bailey was a public safety risk and his welfare would not be served by another sanction. Bailey appeals both the district court's decision to revoke his probation and impose a prison sentence as well as the district court's sentence of 233 months in prison.

ANALYSIS

A district court may revoke probation upon a factual finding that the terms of probation were violated. *State v. Walker*, 260 Kan. 803, 808, 926 P.2d 218 (1996). The decision to revoke probation is within the discretion of the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting the trial court abused its discretion bears the burden of showing such abuse of discretion. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

The district court's ability to revoke probation is limited by statute. K.S.A. 2016 Supp. 22-3716(c)(1)(A)-(E) provides a system of intermediate sanctions the court must impose on an individual who violates the conditions of his or her probation. Part of that statute, though, allows the court to revoke probation instead of applying intermediate sanctions if it "finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2016 Supp. 22-3716(c)(9). To satisfy the particularity provision, the court's findings must be specific and must contain sufficient detail. *State v. Huskey*, 17 Kan. App. 2d 237, Syl. ¶ 2, 834 P.2d 1371 (1992). Mere conclusory statements regarding probation violations do not meet the particularity requirement of the statute. *State v. McFeeters*, 52 Kan. App. 2d 45, 48-49, 362 P.3d 603 (2015). Instead, the district court must state the connection between the reasons for revoking the defendant's probation and the danger the defendant poses to his or her welfare or to public safety by remaining on probation. *State v. Miller*, 32 Kan. App. 2d 1099, 1102-03, 95 P.3d 127 (2004). To make the connection, the findings must specifically articulate the reasons public safety will be jeopardized without revoking probation. *State v. Davis*, No. 111,748, 2015 WL 2137195, at *3 (Kan. App. 2015) (unpublished opinion).

In this case, the district court made sufficiently particularized findings that imposing the underlying prison sentence was the best way to serve both public safety and Bailey's own welfare. In support of revoking his probation, the court found that Bailey's drug and alcohol use constituted a risk to himself and the public, especially as Bailey admitted it affected his mind and ability to remember things; that Bailey put himself in dangerous environments and risky situations such as trespassing and squatting overnight; that his criminal history establishes a propensity to commit violent offenses including robbery, stalking, terroristic threats, and false imprisonment; that Bailey violated his probation multiple times; and that he was not taking advantage of the conditions of

4

probation and treatment options available to him. The court concluded its findings by stating:

> "These prior court interventions also raise public safety concerns, in that he's had numerous court interventions throughout his life, even beyond this case, residential, sanctions, so we've really used everything that's available and despite these interventions, he continues to have problems with drugs. And I'm also concerned about his safety, that putting himself in dangerous situations he could get hurt, committing some sort of crime under the influence of drugs and alcohol could easily be hurt, and then just simply the risks of overdosing, death, serious risk to your body for using methamphetamine and alcohol.
>
> "And all those give me reason to think there's public safety concerns and offender welfare, not served by any other sanction. And I'll go ahead and revoke and impose the underlying sentence."

The court's particularized findings support its decision to revoke probation to best serve public safety and Bailey's own welfare.

Bailey claims that his welfare would be best served not by serving the underlying prison sentence but by drug and alcohol treatment. Bailey contends that the trial court's finding that his welfare would be best served by reinstating the underlying prison sentence is "illogical and unreasonable" and "contradictory to the findings of the court." He argues that this amounts to an abuse of discretion. However, Bailey had already been given intermediate sanctions, and the court previously ordered him to complete a drug and alcohol evaluation. Despite these opportunities, Bailey continued using drugs and alcohol and violating his probation, which the court acknowledged when it told Bailey, "[T]here's just nothing probation's going to help you with."

The trial court's findings are more than mere conclusory allegations, and they satisfy the statute's particularity requirements regarding public safety and Bailey's

welfare. Additionally, Bailey did not meet his burden of showing that the district court abused its discretion by entering a decision based on an error of law, based on an error of fact, or that no reasonable person would agree with. The district court did not abuse its discretion by imposing the underlying prison sentence.

Bailey argues that the district court erred in imposing his 233-month prison sentence because it had previously modified the sentence to 200 months. However, this issue is not timely and not properly before this court. The district court determined that by revoking the previous disposition, including the modified sentence, on March 25, 2016, the Court of Appeals' decision effectively reinstated the original 247-month prison sentence. Bailey's appeal on June 14, 2016, was only timely as to the revocation occurring on June 8, 2016—not the reinstatement of the 247-month underlying prison sentence that occurred on March 25, 2016. See K.S.A. 2016 Supp. 22-3608(c) (defendant has 14 days to appeal a judgment of a district court). Therefore, this court does not have jurisdiction to review Bailey's challenge of his sentence, as he did not file a timely appeal from the judgment of the district court on March 25, 2016.

Besides, even if we were to review this claim, Bailey is still not entitled to relief for two reasons.

First, Bailey is incorrect in his contention that when the Court of Appeals remanded the disposition, the order did not address the modification of the underlying sentence from 247 to 200 months. Bailey argues, without support, that the underlying sentence and the rest of the court's disposition should be treated separately. In reality, the Court of Appeals vacated the trial court's disposition in its entirety, which included the modified sentence. *Bailey*, 2015 WL 8590550, at *4 ("We vacate the court's disposition and remand this case to the district court for a new hearing at which the district court could either impose an intermediate sanction under K.S.A. 2013 Supp. 22-3716[c][1] or, in the alternative, set forth with particularity its reasons for invoking the exceptions under

K.S.A. 2013 Supp. 22-3716[c][9] prior to ordering Bailey to serve his underlying prison sentence."). The 200-month underlying sentence was no longer in effect, and the original 247-month underlying sentence was reinstated and effective.

Second, Bailey is incorrect in claiming that the 233-month sentence was presumptively vindictive. To begin, as discussed above, by revoking the previous disposition, we reinstated the underlying sentence of 247 months. Therefore, because the 233-month sentence was lower than the underlying sentence, it cannot be considered presumptively vindictive. However, even if the 200-month sentence was in place before Bailey was resentenced to 233 months, as he claims, it would still not amount to presumptive vindictiveness.

Due process prohibits an individual from having his or her sentence increased at resentencing if the increase is motivated by vindictiveness or retaliation. *North Carolina v. Pearce*, 395 U.S. 711, 725-26, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794, 109 S. Ct. 2201, 104 L. Ed. 2d 865 (1989). When resentencing results in a seemingly unjustified enhancement of an individual's sentence, there is a presumption that the new sentence is a result of vindictiveness. *State v. Walker*, 283 Kan. 587, 616, 153 P.3d 1257 (2007). When the presumption of vindictiveness applies, it is the sentencing court's burden to prove that the increased sentence did not result from vindictiveness. *State v. Rinck*, 260 Kan. 634, 642, 923 P.2d 67 (1996). To do so, the court must state the objective reasons that justify an enhanced sentence on the record. *Texas v. McCullough*, 475 U.S. 134, 142-43, 106 S. Ct. 976, 89 L. Ed. 2d 104 (1986); *Pearce*, 395 U.S. at 726.

An increased sentence upon resentencing does not always trigger a presumption of vindictiveness. A sentence that is within the presumptive prison sentence range is justified; thus there is no presumption of vindictiveness when the second sentence is a presumptive prison sentence, even if it was increased. *State v. Williams*, No. 115,119,

7

2017 WL 2494954, at *7 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* July 10, 2017; see *State v. Cooper*, 275 Kan. 823, 827, 69 P.3d 559 (2003) ("A criminal sentence that is within statutory limits will not be disturbed on appeal absent a showing of abuse of discretion or vindictiveness on the part of the sentencing court.").

> "A presumptive prison sentence under the sentencing guidelines is statutorily justified as the sentence for the specific crime of conviction—that is precisely what makes it presumptive. That is why we cannot say that the imposition of a presumptive sentence on remand or at resentencing, though it may increase an individual's sentence, is an *unjustified* enhancement that gives rise to a presumption of vindictiveness. Instead, that vindictiveness must be proven by the challenger." *Williams*, 2017 WL 2494954, at *7.

Without a presumption of vindictiveness, the burden of proof is on the challenger to show that the enhanced sentence was motivated by vindictiveness. *Cooper*, 275 Kan. at 878; *Rinck*, 260 Kan. at 641-42.

This case does not warrant a presumption of vindictiveness. The presumptive sentencing range for Bailey's crime—aggravated robbery, a severity level 3 person felony—has a range of 221-233-247 months, and the imposed prison sentence upon rehearing was 233 months. Because the sentence was within the presumptive range, the presumption of vindictiveness does not apply. Thus to prevail, Bailey had the burden of affirmatively proving the district court was motivated by vindictiveness in imposing his sentence.

Bailey does not argue actual vindictiveness in this case. Instead, he puts the burden of proof on the court by insisting that it must articulate its reasons for imposing an enhanced sentence. As discussed, a court must only articulate such reasons when a presumption of vindictiveness applies, which it does not here. Even if Bailey did claim the court acted vindictively, he argues no additional facts that show the court was acting

8

vindictively or otherwise maliciously or unreasonably in imposing a 233-month prison sentence.

Bailey cannot show that the trial court acted vindictively or otherwise erred in imposing the presumptive prison sentence of 233 months.

Affirmed.