No. 87,141

STATE OF KANSAS, *Appellee*, v. JERRY COOPER, *Appellant*.

69 P.3d 559

824

Opinion filed May 30, 2003.

Nathan B. Webb, assistant appellate defender, argued the cause, and *Paige A. Nichols*, assistant appellate defender, *Randall Hodgkinson*, deputy appellate defender, and *Steven R. Zinn*, deputy appellate defender, were on the briefs for appellant.

*Franklin T. Bruce*, assistant district attorney, argued the cause, and *Keith E. Schroeder*, district attorney, and *Carla Stovall*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: Following a bench trial, Jerry Cooper was convicted in 1982 of one count of aggravated kidnapping and one count of indecent liberties with a child. The district court imposed consecutive sentences of life imprisonment for aggravated kidnapping and 3 to 10 years' imprisonment for indecent liberties with a child.

In 1999, Cooper filed a K.S.A. 60-1507 motion in which he argued, among other things, that he was illegally charged and convicted of indecent liberties with a child instead of aggravated incest, because the child was his stepson. The district court dismissed the petition. The Court of Appeals reversed the district court's order denying Cooper's 60-1507 motion insofar as it related to the issue of indecent liberties and aggravated incest. The Court of Appeals remanded the case to the district court for resentencing of the petitioner for aggravated incest in the original criminal case.

In November 2000, the district court resentenced Cooper pursuant to the mandate of the Court of Appeals. The sentence imposed for one count of aggravated incest was 3 to 10 years' imprisonment. Cooper appealed. This court transferred the case from the Court of Appeals. See K.S.A. 20-3018(c).

Cooper argued at his resentencing hearing, and now on appeal, that he was deprived of due process by the district court's sentencing him for the uncharged and untried offense of aggravated incest.

The court's examination of this constitutional question based upon given facts is a question of law. An appellate court's scope of review in resolving questions of law is unlimited. *State v. Hill*, 271 Kan. 929, Syl. ¶ 1, 26 P.3d 1267 (2001).

Cooper was resentenced pursuant to the authority of *Carmichael v. State*, 255 Kan. 10, 19, 872 P.2d 240 (1994), which held that the proper remedy for the petitioner's being charged and convicted of rape of his daughter rather than aggravated incest was "to vacate the sentence imposed for rape and resentence the petitioner for aggravated incest." In his initial brief, Cooper contended that *Carmichael* does not govern the outcome of the present case because it considered no constitutional issues. In a letter of additional authority, which is dated January 9, 2002, Cooper's appellate counsel directed the court's attention to *Beem v. McKune*, 278 F.3d 1108 (10th Cir. 2002), in which a divided panel of the federal Court of Appeals concluded that the *Carmichael* remedy violated due process. In its brief, the State relied on the dissenting opinion in *Beem*. (Noting that *Beem*, on which Cooper relied, was to be reheard by the Tenth Circuit Court of Appeals en banc, this court delayed scheduling the present case for oral argument.) On rehearing en banc, the Court of Appeals reversed the panel's decision and found no due process violation. *Beem v. McKune*, 317 F.3d 1175 (10th Cir. 2003).

The appeals from denials of the petitions for habeas corpus of Steven Beem and Donald Henson, Jr., were consolidated for review. Beem was convicted and sentenced on one count of indecent liberties with a child in 1989. In his later K.S.A. 60-1507 motion, he argued that on account of his kinship with the victim he should have been charged with aggravated incest pursuant to *State v. Williams*, 250 Kan. 730, 829 P.2d 892 (1992). Beem was resentenced in accordance with *Carmichael*. Henson was convicted and sentenced on three counts of rape in 1992. On appeal, the Kansas Court of Appeals held that on account of his kinship to the victim he should have been charged with aggravated incest pursuant to *Williams*. Henson was resentenced in accordance with *Carmichael*. In both cases, the original sentences were reduced when each de-

fendant was resentenced. The petitioners challenged the constitutionality of the *Carmichael* remedy. 317 F.3d at 1177-78.

The en banc majority prefaced its constitutional analysis with these words:

"We must next consider whether the Kansas state courts committed constitutional error in determining the appropriate sentences for general sex offenses *by reference to* the allowable penalty for aggravated incest. We acknowledge that, in determining whether the petitioners were entitled to the *Carmichael* remedy, the Kansas state courts were required to determine whether petitioners met the kinship requirement set forth in the aggravated incest statute, [K.S.A.] 21-3603. Crucial to our constitutional analysis, however, is the fact that the *Carmichael* remedy resulted in a *reduction* to petitioners' sentences." 317 F.3d at 1181.

It then based its decision on the *Carmichael* remedy's not transgressing the rule of *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000):

"The Due Process Clause only requires that *aggravating* sentencing factors be proven at trial. *Apprendi v. New Jersey*, 530 U.S. 466, 481-82, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). As the Supreme Court has stated, '[o]ther than the fact of a prior conviction, any fact that *increases* the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' *Id.* at 490, 120 S. Ct. 2348 (emphasis added); see also *Harris v. United States*, 536 U.S. 545, 565, 122 S. Ct. 2406, 2418, 153 L. Ed. 2d 524 (2002) ('[O]nce the jury finds all those facts [required for the maximum sentence], *Apprendi* says that the defendant has been convicted of the crime; the Fifth and Sixth Amendments have been observed; and the Government has been authorized to impose any sentence below the maximum.'). In applying this constitutional rule, 'the relevant inquiry is one not of form, but of *effect*—does the required finding expose the defendant to a greater punishment than that authorized by the jury's guilty verdict?' *Id.* at 494, 120 S. Ct. 2348 (emphasis added). With respect to petitioners' cases, the answer is plainly no. Accordingly, the Kansas state courts' application of the *Carmichael* remedy comported with due process." 317 F.3d at 1182.

The only material distinction between the circumstances presented by Beem and Henson and those presented by Cooper is that the *Carmichael* remedy resulted in a reduction to the sentences of Beem and Henson but not to that of Cooper. At resentencing, the same sentence of 3 to 10 years' imprisonment that he received at the original sentencing was imposed on Cooper. Thus, although the *Carmichael* remedy did not result in a reduction to

Cooper's sentence, it also did not result in a greater punishment than that authorized by the guilty verdict. In *Beem*, the federal Court of Appeals quoted *Apprendi* for the relevant inquiry— " 'does the required finding expose the defendant to a greater punishment than that authorized by the jury's guilty verdict?' " 317 F.3d at 1182 (quoting 530 U.S. at 494). With respect to Cooper's case, the answer is no. Accordingly, application of the *Carmichael* remedy comported with due process.

*State v. Gould*, 271 Kan. 394, 23 P.3d 801 (2001), supports the conclusion that the application of the *Carmichael* remedy did not violate Cooper's right to due process. There, relying on *Apprendi*, we held that the upward departure sentencing scheme embodied in K.S.A. 2000 Supp. 21-4716 violated due process and thus was unconstitutional. In so doing, we held that "a judge may not impose a more severe sentence than the maximum sentence authorized by the facts found by the jury." 271 Kan. 394, Syl. ¶ 4. Here, application of the *Carmichael* remedy did not affect Cooper's conviction, nor was he found guilty of and sentenced for an offense for which he was not charged and convicted. The court simply corrected an illegal sentence, which it has jurisdiction to do at any time. See *State v. Vanwey*, 262 Kan. 524, Syl. ¶ 1, 941 P.2d 365 (1997). Further, since Cooper was resentenced within the allowable guidelines penalty range for aggravated incest, which did not result in a more severe sentence, due process under *Apprendi* was not violated.

Cooper also argues that the district court's imposition of sentence was vindictive, so the sentence must be set aside.

A criminal sentence that is within statutory limits will not be disturbed on appeal absent a showing of abuse of discretion or vindictiveness on the part of the sentencing court. *State v. Rice*, 227 Kan. 416, 424, 607 P.2d 489 (1980). Cooper argues that the sentence he received upon resentencing must be set aside because it was vindictive.

He complains that his original sentence for indecent liberties with a child was a minimum sentence and the resentence imposed is a maximum sentence. Relying on *North Carolina v. Pearce*, 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072 (1969), and *State v.*

*Rinck,* 260 Kan. 634, 638-40, 923 P.2d 67 (1996), Cooper contends that a presumption of vindictiveness was raised by this discrepancy.

*North Carolina v. Pearce* "involved two separate cases where the defendants successfully appealed their original convictions and on retrial received greater sentences than they had received originally." 260 Kan. at 637. No justification was offered in one case and in the other only the "naked power" to impose the increased sentences was cited. 260 Kan. at 637. "*Pearce* noted that the Due Process Clause of the Fourteenth Amendment to the United States Constitution prevented increased sentences actually motivated by vindictive retaliation by the trial court upon resentencing: . . . . 'In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.' 395 U.S. at 725-26." 260 Kan. at 638. In *Rinck,* this court set aside the defendant's sentences on appeal. "The matter was remanded for resentencing and, based upon the same two convictions . . . , the defendant received a more severe sentence than the sentence originally imposed." 260 Kan. at 638. Relying on *Pearce,* we concluded that where resentencing resulted in seemingly unjustified enhancement of sentences, there is a presumption of vindictiveness. 260 Kan. at 640-41. Where such a presumption applies, the sentencing judge or prosecutor must rebut the presumption that the increased sentence resulted from actual vindictiveness. 260 Kan. at 642. That did not occur and we held: "Under these circumstances, the defendant's right to due process is violated, not because the sentence is enhanced, but because no evidence was introduced to rebut the presumption that actual vindictiveness was behind the increased sentence. In other words, by operation of law, the increased sentence is deemed to be motivated by vindictiveness and must be set aside." 260 Kan. at 245.

Cooper's reliance on *Pearce* and *Rinck* is unavailing as those cases are readily distinguishable from the facts in this case. Cooper's penalty was not increased upon resentencing, and he cites no precedent for the *Pearce* presumption being applied in these circumstances.

Where the presumption does not apply, the defendant must affirmatively prove actual vindictiveness in order to prevail. 260 Kan. at 641. Cooper quotes from the State's remarks at the resentencing proceeding and asserts that the State's bitterness is evident in them. Cooper then contends that actual vindictiveness on the part of the resentencing judge is apparent from his adoption of the State's bitter recommendation. It is a dubious proposition that would attribute an advocate's zeal to the court that ruled in accord with the advocated position. Moreover, examination of the resentencing transcript reveals that there was no objection to the State's remarks and that, although strong, they were not improperly antagonistic. In response to the defendant's assertion that "we should not have to be talking about what I did 20 years ago or what I didn't do 20 years ago" but instead "should decide today . . . whether it's more rehabilitative to me to receive the minimum sentence," the State said:

"And yes, it does matter what Mr. Cooper did 20 years ago. He was convicted of aggravated kidnapping and the Supreme Court now says it is to his advantage by virtue of what he did to this small boy, that it was his stepson rather than an innocent, total unknown stranger. So basically the state's position is you have to decide to reward him and give him a less sentence by virtue of the fact the person he decided to torture and sexually abuse was his own son rather than someone else.

"And I'm not—I'm not asking for a sentence higher than what he got, but he was sentenced properly back in 1983, according to the law, received an appropriate sentence. The only thing that has changed in the intervening 20 years is the fact the Supreme Court says legally it's to your advantage to sexually molest a, your own child. And the question is, is, does that give this defendant the right to have one year less sentence."

Cooper has failed to meet his burden of proving actual vindictiveness by the district court in imposing the sentence.

Affirmed.

ABBOTT and GERNON, JJ., not participating.

BRAZIL, S.J., and LARSON, S.J., assigned ■