NOT DESIGNATED FOR PUBLICATION

Nos. 118,714
118,715

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

VINCENT L. WALKER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Douglas District Court; PAULA B. MARTIN, judge. Opinion filed August 17, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Vincent L. Walker appeals his sentence in one misdemeanor case and his probation revocation in another misdemeanor case. We granted Walker's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State has filed no response.

In 15CR192, Walker pled no contest to one count of domestic battery, a class B misdemeanor. On June 25, 2015, the district court sentenced Walker to six months in jail and placed him on probation.

1

On September 1, 2016, Walker admitted to violating the conditions of his probation by committing the new crime of criminal damage to property, a class B misdemeanor, in 16CR472. The plea negotiations originally called for Walker to be placed on probation in both cases after serving a 10-day jail sanction.

On October 26, 2017, the district court held a hearing in both cases. By the time of the hearing, the parties had amended the plea agreement with Walker agreeing to serve his sentence in each case provided that the district court authorized work release. Walker personally addressed the judge and stated, "I just want to get this all over with." The district court revoked Walker's probation in 15CR192 and ordered him to serve the balance of his jail sentence. In 16CR472, the district court imposed a consecutive six-month jail sentence. The district court authorized work release in both cases. Walker filed a notice of appeal in each case, and the cases have been consolidated on appeal.

Walker claims the district court "abused its discretion by not following the original plea agreement." Walker's motion for summary disposition acknowledges that the parties had reached an amended agreement at the hearing on October 26, 2017, and the motion does not explain how the district court abused its discretion by not following the original plea agreement. In any event, Walker concedes that a district court is not bound by the terms of a plea agreement. See *State v. Boley*, 279 Kan. 989, 993, 113 P.3d 248 (2005).

Walker was convicted of misdemeanors and his cases are not governed by the revised Kansas Sentencing Guidelines Act, K.S.A. 2017 Supp. 21-6801 et seq. Generally, a criminal sentence that is within the statutory limits will not be disturbed on appeal absent a showing of abuse of discretion or vindictiveness on the part of the sentencing court. *State v. Cooper*, 275 Kan. 823, 827, 69 P.3d 559 (2003). Likewise, once the State has proven a violation of the conditions of probation, the decision to revoke probation is within the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006).

2

A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Robinson*, 303 Kan. 11, 90, 363 P.3d 875 (2015), *cert. denied* 137 S. Ct. 164 (2016).

Here, the sentence imposed for each of Walker's convictions was within the statutory limits for a class B misdemeanor. Walker makes no claim of vindictiveness on the part of the sentencing court. Walker violated his probation in 15CR192 by committing a new offense in 16CR472. At the final hearing, Walker told the district court that he wanted to serve his sentences, provided work release was granted. The district court's decision in each case was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Walker has failed to show an abuse of discretion.

Affirmed.