NOT DESIGNATED FOR PUBLICATION

Nos. 119,141
119,142

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TERRY LENOTT BROOKS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed December 7, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., STANDRIDGE and POWELL, JJ.

PER CURIAM:  Terry Lenott Brooks has 16 convictions of driving under the influence (DUI) over his lifetime. He appeals the sentences he received from the district court in his last two cases. We granted Brooks' motion for summary disposition under Kansas Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State has responded and requested that the district court's judgment be affirmed.

In 16CR3167, Brooks pled guilty to one count of DUI, a fourth or subsequent offense, on November 1, 2017. On the same day, in 17CR911, Brooks pled guilty to one count of fleeing or attempting to elude an officer and two additional counts of DUI.

1

At sentencing on January 10, 2018, the parties agreed that the sentences in the two cases should run concurrently. Brooks also requested that he be assigned to the work release program. In 16CR3167, the district court sentenced Brooks to 12 months in the county jail for his DUI conviction. In 17CR911, the district court sentenced Brooks to 17 months' imprisonment for his conviction of fleeing or attempting to elude an officer, and the district court imposed consecutive 12-month jail sentences for the two DUI convictions. The district court refused to follow the plea agreement and ran the sentences in the two cases consecutively. The district court also refused to order work release. Brooks timely appealed his sentences. The cases have been consolidated on appeal.

Brooks is not challenging the term of his sentence for fleeing or attempting to elude an officer, governed by the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2017 Supp. 21-6801 et seq. Brooks' sentences for the DUI convictions are not governed by the KSGA. On appeal, Brooks claims the district court "erred in not following the plea agreement when it ran 16CR3167 and 17CR911 consecutively." He also claims the court "abused its discretion by denying his request for work release."

Generally, a criminal sentence that is within the statutory limits will not be disturbed on appeal absent a showing of abuse of discretion or vindictiveness on the part of the sentencing court. *State v. Cooper*, 275 Kan. 823, 827, 69 P.3d 559 (2003). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Robinson*, 303 Kan. 11, 90, 363 P.3d 875 (2015), *cert. denied* 137 S. Ct. 164 (2016).

Brooks first claims the district court erred in not following the plea agreement when it ran the sentences in the two cases consecutively. But as Brooks acknowledges in

2

his motion for summary disposition, K.S.A. 2017 Supp. 21-6606(a) provides that when separate sentences for different crimes are imposed on a defendant on the same date, such sentences shall run concurrently or consecutively at the district court's discretion. And as the State points out in its response, plea agreements between the parties are not binding upon the district court. *State v. Boley*, 279 Kan. 989, 996, 113 P.3d 248 (2005).

Brooks also claims the district court abused its discretion by denying his request for work release. But as he acknowledges, K.S.A. 2017 Supp. 21-6604(a)(11) provides that an assignment to a work release program is at the district court's discretion; see also *State v. Fincham*, No. 109,622, 2014 WL 278809, at *1-2 (Kan. App. 2014) (unpublished opinion) (holding that court was within its discretion to deny work release).

Based on the record herein, it is difficult to see how the district court abused its discretion by ordering the sentences in the two cases to be served consecutively and by denying Brooks' request for work release. The record shows that Brooks has 72 prior convictions over 36 years, including 16 DUI convictions. Indeed, it would appear that the only way to keep Brooks from endangering the community by driving under the influence is to keep him incarcerated for as long as possible. Brooks makes no claim of vindictiveness on the part of the sentencing court. The district court's decision was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Brooks has failed to show an abuse of discretion.

Affirmed.