NOT DESIGNATED FOR PUBLICATION

No. 119,662

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHADOW BALLMAN,
*Appellant*.


MEMORANDUM OPINION

Appeal from Brown District Court; JOHN L. WEINGART, judge. Opinion filed December 14, 2018. Affirmed.

Submitted for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., STANDRIDGE and POWELL, JJ.


PER CURIAM:  Shadow L. Ballman appeals her sentence following her convictions of aggravated battery and possession of marijuana. We granted Ballman's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State has filed no response.

On May 1, 2017, Ballman pled no contest to one count of aggravated battery and one count of possession of marijuana. On March 5, 2018, the district court sentenced Ballman to 27 months' imprisonment for the aggravated battery conviction and to 12 months in the county jail for the possession of marijuana conviction, with the sentences to run consecutively. The district court placed Ballman on probation for a term of 12 months. Ballman timely appealed.

1

Ballman's motion for summary disposition makes no claim that the district court erred in imposing her sentence. Instead, the motion acknowledges that an appellate court shall not review any sentence that is within the presumptive sentence for the crime. See K.S.A. 2017 Supp. 21-6820(c)(1); *State v. Huerta*, 291 Kan. 831, Syl. ¶ 1, 247 P.3d 1043 (2011) (holding that the statutory prohibition of a direct appeal of a presumptive sentence does not violate Equal Protection Clause).

Although this court has no jurisdiction to review Ballman's presumptive sentence for her aggravated battery conviction, we can review her conviction for possession of marijuana, a class A misdemeanor. Generally, a criminal sentence that is within the statutory limits will not be disturbed on appeal absent a showing of abuse of discretion or vindictiveness on the part of the sentencing court. *State v. Cooper*, 275 Kan. 823, 827, 69 P.3d 559 (2003). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the district court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Robinson*, 303 Kan. 11, 90, 363 P.3d 875 (2015), *cert. denied* 137 S. Ct. 164 (2016).

Ballman makes no claim that the district court was vindictive or abused its discretion by imposing a consecutive 12-month sentence in the county jail for her possession of marijuana conviction. This sentence was within the statutory limits for the crime. See K.S.A. 2017 Supp. 21-5706(b)(3), (c)(2)(A); K.S.A. 2017 Supp. 21-6602(a)(1). Based on our review of the record, the district court's sentence for the possession of marijuana conviction was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law.

Affirmed.