NOT DESIGNATED FOR PUBLICATION

Nos. 119,386
119,390

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF WICHITA, KANSAS,
*Appellee*,

v.

BEAUREGARD DANIEL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; FAITH A.J. MAUGHAN, judge. Opinion filed February 22, 2019. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Beauregard Daniel appeals the district court's sentences in two municipal court appeals. We granted Daniel's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The City of Wichita did not respond. After a review of the record, we find no abuse of discretion or vindictiveness on the part of the district court and affirm.

Daniel was convicted and sentenced in the City of Wichita Municipal Court for driving under the influence (DUI), unlawful restraint, and domestic battery in two separate cases. Daniel then appealed his convictions and sentences to the Sedgwick

1

County District Court. In 17 CR 2438, Daniel pled no contest to domestic battery, contrary to Wichita Municipal Ordinance § 5.10.025, and was sentenced to six months in the county jail and fined $200. In 17 CR 2584, Daniel pled no contest to DUI, contrary to Wichita Municipal Ordinance § 11.38.150, and was sentenced to six months in the county jail and fined $750. In both cases, Daniel was placed on probation from his sentences for 12 months.

Daniel's sole argument on appeal is that the district court erred in sentencing him. "A criminal sentence that is within the statutory limits will not be disturbed on appeal absent a showing of abuse of discretion or vindictiveness on the part of the sentencing court." *State v. Cooper*, 275 Kan. 823, 827, 69 P.3d 559 (2003). Judicial discretion is abused if the action (1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law; or (3) is based on an error of fact. See *State v. Jones*, 306 Kan. 948, 957, 398 P.3d 856 (2017). Daniel bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

The principal problem with Daniel's appeal is that it appears from the record that he agreed to his sentences. The journal entries for both cases, which outline the charges, the pleas, and the sentences, each contain Daniel's signature at the bottom, suggesting Daniel's agreement. But even if we were to construe Daniel's signature as merely an acknowledgment of what transpired, he makes no argument on appeal as to how or why the district court erred with the sentences it imposed as they are both clearly within the ranges specified by the ordinances. See Wichita Municipal Ordinance § 5.10.025(d) (first offense domestic battery punishable by not less than 48 consecutive hours nor more than six months in jail and fine of not less than $200 nor more than $500); Wichita Municipal Ordinance § 11.38.150(b) (first time DUI punishable by not less than 48 consecutive hours nor more than six months in jail and fine of not less than $750 nor more than $1,000). As Daniel fails to persuade us that no reasonable person would have taken the

view of the district court, we cannot say that the district court's sentences constitute an abuse of discretion or vindictiveness.

Affirmed.