NOT DESIGNATED FOR PUBLICATION

No. 120,097

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KEVIN K. BEASLEY,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed June 21, 2019. Affirmed.

Submitted for summary disposition under K.S.A. 2018 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.


PER CURIAM: Kevin K. Beasley appeals his sentence following his convictions of two counts of violation of a protective order. We granted Beasley's motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has responded and requests that the district court's judgment be affirmed.

On May 28, 2018, Beasley pled no contest to two counts of violation of a protective order, class A person misdemeanors. On the same day, he also entered a plea in a felony case that is not the subject of this appeal. On July 25, 2018, the district court imposed concurrent 12-month jail sentences for the two misdemeanor convictions, consecutive to the sentence imposed in the companion felony case. Beasley appealed.

1

Beasley first claims the district court erred when it imposed a jail term of 12 months for each misdemeanor conviction of violation of a protective order. But Beasley concedes that K.S.A. 2018 Supp. 21-6602(a)(1) authorizes a sentence of up to one year in the county jail for a class A misdemeanor conviction. A criminal sentence within the statutory limits will not be disturbed on appeal absent a showing of abuse of discretion or vindictiveness on the part of the sentencing court. *State v. Cooper*, 275 Kan. 823, 827, 69 P.3d 559 (2003). Beasley makes no claim that his misdemeanor sentences were an abuse of discretion or were based on vindictiveness on the part of the sentencing court.

Second, Beasley claims the district court erred by running his misdemeanor sentences consecutive to the sentence imposed in his felony case. He concedes that under K.S.A. 2018 Supp. 21-6606(d), the sentence for a crime committed while on release for a felony is to be served consecutively to the term under which the person was released. But it is not clear from our record that Beasley committed his crimes of violation of a protective order while on felony release, so we cannot be sure that provision applies here.

That being said, the district court had the discretion to run the misdemeanor sentences consecutive to the felony sentence. See K.S.A. 2018 Supp. 21-6606(a). A judicial action is an abuse of discretion if (1) no reasonable person would take the view adopted by the district court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party claiming an abuse of discretion bears the burden of showing such abuse. *State v. Robinson*, 303 Kan. 11, 90, 363 P.3d 875 (2015), *cert. denied* 137 S. Ct. 164 (2016), *disapproved on other grounds by State v. Cheever*, 306 Kan. 760, 402 P.3d 1126 (2017). Beasley has not tried to show how the district court abused its discretion by running his misdemeanor sentences consecutive to the sentence imposed in his felony case.

Finally, Beasley claims the district court erred when it imposed upon him in the journal entry of judgment the obligation to pay certain costs, including witness fees and

miscellaneous expenses, when there was no oral announcement of these fees at sentencing. But see *State v. Phillips*, 289 Kan. 28, Syl. ¶ 2, 210 P.3d 93 (2009) (because certain fees are not imposed for punishment, they are not part of a criminal sentence and need not be stated in open court, although it is better practice to do so).

Affirmed.