NOT DESIGNATED FOR PUBLICATION

No. 121,062

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NATHAN ALAN BEECH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Atchison District Court; ROBERT J. BEDNAR, judge. Opinion filed October 4, 2019. Affirmed.

*John R. Kurth*, of Atchison, for appellant.

*Sherri L. Becker*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., MALONE, J., and DANIEL D. CREITZ, District Judge, assigned.

PER CURIAM: Nathan Alan Beech appeals his sentence following his conviction of violation of a protective order. Beech claims the district court should have sentenced him to probation. Finding no abuse of discretion, we affirm the district court's judgment.

FACTS

Beech had an on-again, off-again relationship with Melissa Jenkins for six years and they have a child together. In July 2018, Jenkins obtained a protection from abuse order which prohibited Beech from contacting or harassing Jenkins. On July 31, 2018, the

1

State charged Beech with violation of a protective order based on his July 20, 2018 contact with Jenkins. Beech later pled guilty to the charge. On April 1, 2019, the district court sentenced Beech to one year in jail with authorized work release and imposed court costs and fees. During sentencing, the district court noted that Beech had 21 prior convictions, had been through the system before, and still maintained that he did nothing wrong. The district court denied Beech's request for probation.

On April 5, 2019, Beech filed a motion to reconsider or in the alternative a motion for probation. Beech argued "that a sentence of one year, while within the Court's discretion and within the law, is the maximum sentence allowed and should be reconsidered or reduced." On April 8, 2019, the district court held a hearing on Beech's motion to reconsider. Beech argued that he should be granted probation because the jail sentence could cost him his job and because he had an upcoming court case in Jefferson County. After hearing from the parties, the district court modified Beech's sentence to 30 days in jail followed by 1 year of supervised probation. The court again authorized work release. Beech timely filed a notice of appeal and posted an appeal bond in district court.

ANALYSIS

On appeal, Beech argues that both the original sentence of 1 year in jail and the modified sentence of 30 days in jail were unreasonable given his work history, his upcoming court date in another case, and his allegation that Jenkins initiated contact with him. Beech argues that, based on these facts, the district court should have sentenced him to probation. The State argues that both the original and modified sentence were within the statutory limit and thus within the district court's discretion. The State also argues that based on Beech's 21 prior convictions, he was not a good candidate for probation.

We begin by observing that we need not address Beech's claim that his original one-year sentence was an abuse of discretion. On April 8, 2018, the district court

2

modified Beech's original sentence from 1 year to 30 days in jail, which it was authorized to do in a misdemeanor case. By modifying the sentence, the district court replaced the 1-year sentence with the 30-day sentence. Thus, Beech's argument that the original sentence was an abuse of discretion is moot because the one-year sentence is no longer in effect. See *Mundy v. State*, 307 Kan. 280, 288, 408 P.3d 965 (2018) (describing the mootness doctrine as requiring the court to "'determine real controversies relative to the legal rights of persons and properties which are actually involved in the particular case'").

Beech was convicted of violation of a protective order, a class A person misdemeanor. K.S.A. 2018 Supp. 21-5924(a)(1), (b)(1). For a class A misdemeanor, "the sentence . . . shall be a definite term of confinement in the county jail which shall be fixed by the court and shall not exceed one year." K.S.A. 2018 Supp. 21-6602(a)(1). A criminal sentence within the statutory limits will not be disturbed on appeal "absent a showing of abuse of discretion or vindictiveness on the part of the sentencing court." *State v. Cooper*, 275 Kan. 823, 827, 69 P.3d 559 (2003).

The district court's imposition of the 30-day sentence was within the 1-year statutory limit. Beech does not allege that the district court was vindictive. Thus, we will not disturb the district court's sentence unless it resulted from an abuse of discretion. Judicial discretion is abused if the decision (1) is arbitrary, fanciful, or unreasonable; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Gonzalez-Sandoval*, 309 Kan. 113, 126-27, 431 P.3d 850 (2018). The party asserting the district court abused its discretion bears the burden of showing the abuse of discretion. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Beech does not allege that the district court's sentence was an error of law or fact, only that it was unreasonable given his work history, his upcoming court date in another case, and his allegations that Jenkins initiated contact with Beech. Beech relies in part on the testimony and evidence presented at the hearing on the motion to revoke bond as

3

proving his claim that Jenkins initiated contact with him. But the evidence presented at the motion to revoke bond had to do with conduct on September 11, 2018, and is the alleged factual basis for a separate violation of a protective order case against Beech. Beech presented no evidence that Jenkins initiated the contact on July 20, 2018. In fact, the State noted at sentencing that on July 20, 2018, Beech approached Jenkins at a festival downtown and started an argument with her.

In any case, Beech's allegation that Jenkins initiated contact, whether true or not, does not make the district court's sentence unreasonable. The Kansas Supreme Court recently explained that the protected person does not exercise any discretionary right to enforce a protection from abuse order, rather the order restrains the defendant's actions as a matter of law. *State v. Chavez*, 310 Kan. 422, 447 P.3d 364, 373 (2019) (stating also that "the protected person under a PFA order does not have the authority to unilaterally modify the court order by waiving its restraints or consenting to its violation"). Beech conceded at sentencing that he knew there was a protection order against him and it was his "own stupidity" that led him to violate the order.

Beech has not shown that being sentenced to 30 days in jail while having other pending cases or having a job constitutes an abuse of discretion. The district court authorized work release for the 30-day term, so that order should help Beech keep his job. In imposing the original sentence, the district court noted that Beech has 21 prior convictions, has been through the system before, and still maintains that he did nothing wrong. A reasonable person could agree that Beech needs to serve some jail time for this violation based on his many prior convictions. Thus, Beech has failed to show that the district court abused its discretion in in sentencing him to 30 days in jail.

Affirmed.