NOT DESIGNATED FOR PUBLICATION

No. 123,089

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL EARL TERRONEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; STEPHEN J. TERNES, judge. Opinion filed June 4, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., HILL, J., and MCANANY, S.J.

PER CURIAM: Michael Earl Terronez appeals from his sentence for convictions of interference with law enforcement and battery against a law enforcement officer, both class A misdemeanors. We granted his motion for summary disposition under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). Finding no error, we affirm.

FACTUAL AND PROCEDURAL HISTORY

In June 2019, the State charged Terronez in Sedgwick County case No. 2019-CR-1624 (Case 2) with one count each of felony interference with law enforcement and misdemeanor battery against a law enforcement officer. Six months later Terronez entered a plea agreement under which he would plead guilty in a prior case 18CR1185

1

(Case 1)—which involved aggravated robbery and kidnapping charges—as well as the charges in Case 2. In exchange for the guilty pleas, the State amended the felony interference charge in Case 2 to a misdemeanor, agreed to recommend concurrent 12-month prison sentences for each of the misdemeanors in Case 2, and recommended that they be served concurrent with the sentences imposed in Case 1. The court accepted the plea, found Terronez guilty, and then set the matter over for sentencing.

At sentencing, the State asked the court to follow the plea agreement. Terronez requested a dispositional departure or durational departure, but the court denied those requests. As per the plea agreement, the court imposed 12-month jail sentences for each conviction in Case 2, and the sentences would run concurrent with each other but also concurrent with the sentence imposed in Case 1. Terronez was given 351 days of jail credit.

Terronez timely appealed.

ANALYSIS

On appeal, Terronez argues the district court abused its discretion by imposing the maximum 12-month sentence for each count.

To start, the State suggests this appeal is now moot because Terronez is challenging a sentence that was set to expire only 15 days after sentencing. See *State v. Roat*, 311 Kan. 581, 593, 466 P.3d 439 (2020) ("In an appeal solely challenging a sentence, the party asserting mootness may establish a prima facie showing of mootness by demonstrating that the defendant has fully completed the terms and conditions of his or her sentence."). Terronez does not appear to challenge the State's assertion.

We review questions of mootness de novo. 311 Kan. at 590. But mootness is a prudential doctrine, not a jurisdictional one. 311 Kan. at 590. Our Supreme Court has made it clear that a bright line test that "renders a sentencing appeal necessarily moot if the sentence is completed, is contrary to the law of our state." 311 Kan. at 592. Absent any definitive evidence that his sentence has been completed other than the State's assertion that it has, we choose to proceed to the merits.

The Kansas Supreme Court has long held that "[a] criminal sentence that is within statutory limits will not be disturbed on appeal absent a showing of abuse of discretion or vindictiveness on the part of the sentencing court." *State v. Cooper*, 275 Kan. 823, 827, 69 P.3d 559 (2003) (citing *State v. Rice*, 227 Kan. 416, 424, 607 P.2d 489 [1980]). A judicial action constitutes an abuse of discretion if it is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). As the party asserting an abuse of discretion, Terronez bears the burden of showing such abuse. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Terronez argues that he believes the district court erred in imposing the maximum jail terms of 12 months for each offense. Yet he acknowledges that the lengths of both sentences fell within the statutory limits for a class A misdemeanor under K.S.A. 2018 Supp. 21-6602(a)(1). And although Terronez asked for dispositional and durational departures below, he makes no attempt to argue that the court erred in denying those requests. Moreover, we note that the district court followed the plea agreement and imposed the sentence agreed upon by the parties.

Terronez also does not explain how the district court acted vindictively when sentencing him. And upon reviewing the sentencing transcript, the exact opposite is true since the court chose to run the sentences imposed in this case concurrent with Case 1—a case with objectively more serious charges. The court also recognized that sentencing had

3

been delayed "not of any fault of Mr. Terronez, but simply because of the closing of the courts for the Coronavirus." For these reasons, the court acted within its discretion in sentencing Terronez, and he does not show otherwise.

Affirmed.