NOT DESIGNATED FOR PUBLICATION

No. 123,492

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARSHALL JAMES MATTHEWS JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; PATRICK H. THOMPSON, judge. Opinion filed December 10, 2021. Affirmed in part and dismissed in part.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before POWELL, P.J., ATCHESON, J., and WALKER, S.J.

PER CURIAM:  Marshall James Matthews Jr. appeals his sentences in two separate cases. We granted Matthews' motion for summary disposition under Kansas Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). In the State's response, it agrees that summary disposition is appropriate but urges our dismissal of the appeal, claiming we lack jurisdiction to hear it. After a review of the record, we affirm in part and dismiss in part.

As part of a plea agreement with the State, Matthews agreed to plead no contest in 19CR732 to one count of possession of methamphetamine, a severity level 5 drug felony, and, in 19CR820, no contest to one count each of interference with law enforcement and

1

possession of zolpidem, both class A misdemeanors. In exchange for his plea, the State dismissed the remaining charges, and both parties agreed to recommend that the sentences in 19CR820 run concurrent with each other but consecutive to the sentence in 19CR732. The parties also agreed to recommend probation. At sentencing on November 5, 2020, in 19CR732, the district court imposed a presumptive sentence of 13 months in prison with probation from that sentence for 18 months. In 19CR820, the district court imposed concurrent sentences of 6 months in the county jail for each misdemeanor count, suspended both sentences, and placed Matthews on probation for 12 months. The sentences in 19CR820 were imposed consecutive to the sentence in 19CR732.

Matthews now appeals his sentences, claiming the district court erred. The State responds that we lack jurisdiction to consider Matthews' appeal because presumptive sentences and sentences imposed pursuant to a plea agreement are not subject to appellate review. See K.S.A. 2020 Supp. 21-6820(c). Whether appellate jurisdiction exists is a legal question reviewed de novo. *State v. Looney*, 299 Kan. 903, 906, 327 P.3d 425 (2014). Matthews acknowledges the law in this area.

It is undisputed that Matthews received a presumptive felony sentence in 19CR732. Because he did, K.S.A. 2020 Supp. 21-6820(c)(1) precludes our review of this sentence.

However, K.S.A. 2020 Supp. 21-6820(c) applies to only felony sentences, meaning we do indeed have jurisdiction to review Matthews' misdemeanor sentences in 19CR820. See *State v. Huff*, 277 Kan. 195, 197-98, 83 P.3d 206 (2004) (presumptive felony sentence statute inapplicable to misdemeanor sentences). "A criminal sentence that is within statutory limits will not be disturbed on appeal absent a showing of abuse of discretion or vindictiveness on the part of the sentencing court. [Citation omitted.]" *State v. Cooper*, 275 Kan. 823, 827, 69 P.3d 559 (2003). Judicial discretion is abused if the action (1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have

taken the view adopted by the district court; (2) is based on an error of law; or (3) is based on an error of fact. *State v. Jones*, 306 Kan. 948, 957, 398 P.3d 856 (2017). Matthews bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

Matthews' convictions in 19CR820 were each for a class A misdemeanor, which carries a maximum punishment of not more than one year in the county jail. See K.S.A. 2020 Supp. 21-6602(a)(1). As the district court sentenced Matthews to six months in jail for each count, the sentences are clearly within the statutory range. Given that Matthews makes no argument that vindictiveness influenced the district court's sentencing or explains how the district court abused its discretion with the sentences it imposed in 19CR820, we see no abuse of discretion by the district court.

Affirmed in part and dismissed in part.