NOT DESIGNATED FOR PUBLICATION

No. 124,162

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KELLY R. OLIVER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TYLER J. ROUSH, judge. Opinion filed March 11, 2022. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before MALONE, P.J., ATCHESON and WARNER, JJ.

PER CURIAM: Kelly Oliver pleaded guilty to two counts of violating a protective order, both class A misdemeanor offenses. The district court sentenced her to concurrent 12-month jail terms for each offense. Oliver now appeals this sentence. This court granted Oliver's motion for summary disposition under Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). We affirm.

Kansas law allows a district court to impose a jail term for up to one year for each class A misdemeanor conviction. K.S.A. 2020 Supp. 21-6602(a)(1). A sentencing court is given considerable latitude to craft an appropriate sentence within that permissible range; a "criminal sentence that is within statutory limits will not be disturbed on appeal absent a

1

showing of abuse of discretion or vindictiveness on the part of the sentencing court." *State v. Cooper*, 275 Kan. 823, 827, 69 P.3d 559 (2003). A court likewise has wide discretion to determine whether to run individual sentences for misdemeanor offenses concurrently or consecutively. See *State v. Huff*, 277 Kan. 195, 207, 83 P.3d 206 (2004).

In her appeal, Oliver argues that the district court erred when it imposed concurrent 12-month jail terms for each of her misdemeanor convictions. As the appellant, Oliver bears the burden to demonstrate the court erred or otherwise abused its discretion. See *State v. Wells*, 289 Kan. 1219, 1227, 221 P.3d 561 (2009) (burden of proof is on party alleging an abuse of discretion). But beyond her blanket assertion of error, Oliver offers no explanation as to *why* the sentence imposed by the district court was erroneous. She does not claim the sentence was outside the district court's discretion or the result of bias or vindictiveness; nor does she provide any reasons why the court should have, in her view, imposed a different sentence.

The concurrent 12-month jail terms the district court imposed were within the sentencing range permitted by Kansas law for Oliver's convictions. In short, Oliver has not apprised us of error, and we affirm her sentence.

Affirmed.