NOT DESIGNATED FOR PUBLICATION

No. 127,320

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ENRIQUE C. PERALES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Pottawatomie District Court; JEFFREY R. ELDER, judge. Opinion filed September 13, 2024. Appeal dismissed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before WARNER, P.J., HILL and COBLE, JJ.

PER CURIAM: Enrique C. Perales appeals the district court's denial of his motion for leave to appeal out of time. This court granted Perales' request for summary disposition of his appeal under Kansas Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). The State does not contest that summary disposition is appropriate here. We summarily dismiss the appeal as moot.

In November 2015, Perales faced charges for two counts of stalking, classified as class A misdemeanors, occurring in the prior month. During an initial appearance hearing in December 2015, the trial court appointed counsel to represent him. A week later,

1

Perales pleaded no contest to the charges and received concurrent 12-month jail sentences, with all but 30 days suspended in favor of 12 months of supervised probation.

In June 2016, the State filed a motion to revoke Perales' probation after his supervising court services officer submitted an affidavit indicating that Perales had failed to appear for three separate appointments in May 2016; his last in-person report was on April 11, 2016, and his whereabouts were unknown. Then, in February 2021, Perales filed a pro se motion for the revocation of his probation, stating that he had been incarcerated since 2018 due to convictions in another county, with a scheduled release in 2034. He requested to serve his sentences for the stalking convictions in this case concurrently with his prison term. In June 2021, Perales appeared in person for a hearing on his motion, at which he waived his right to counsel. The district court subsequently revoked his probation in this case, ordering him to serve the remainder of his sentences concurrently with his prison term. Perales did not appeal the revocation of his probation.

In August 2022, after he had completed his 12-month concurrent sentences and over 6 years after his sentencing, Perales submitted a "Motion for Leave to Appeal Out of Time." He contended that his appointed trial counsel had not filed a notice of appeal regarding his 2016 plea and sentencing or informed him of his right to file a notice of appeal pro se. The district court rejected his motion, concluding that Perales learned about his right to appeal during the sentencing process when the district court informed him of his right to appeal and expungement at the sentencing hearing. Perales appealed this ruling.

On appeal, Perales contends that the district court made an error by denying his August 2022 motion for leave to appeal out of time regarding his January 2016 plea and sentencing. But our appellant record does not contain a transcript of Perales's plea hearing, and he concedes that he has the burden to designate a record sufficient to establish a claimed error. Perales notes that he requested a hearing transcript for his

2

appeal, but no record could be located. Perales concedes that without an adequate record, his claim fails. See *State v. Vonachen*, 312 Kan. 451, 460, 476 P.3d 774 (2020).

Perales argues that had he been allowed to appeal, he could have challenged the trial court's decision to impose concurrent 12-month jail sentences for two class A misdemeanors. That said, he concedes under K.S.A. 21-6602(a)(l), the statutory maximum for a class A misdemeanor is one year and that he has not met the burden of showing that the district court abused its discretion or was vindictive by imposing a criminal sentence within statutory limits. See *State v. Cooper*, 275 Kan. 823, 827, 69 P.3d 559 (2003). He also concedes that it is generally within a district court's discretion to run sentences concurrent or consecutive. *State v. Jamison*, 269 Kan. 564, 576, 7 P.3d 1204 (2000). But most damning to his claim, Perales concedes that a sentencing issue becomes moot once the sentence is served. See *State v. Montgomery*, 295 Kan. 837, Syl. ¶ 5, 286 P.3d 866 (2012).

Additionally, although Perales claims the sentencing for the second count of stalking was illegal due to its elevation to a severity level 7 felony following his no-contest plea to the first count, he acknowledges that under K.S.A. 22-3504(a), an illegal sentence can be corrected only while the defendant is serving that sentence. Perales also acknowledges that this court lacks jurisdiction to review convictions from pleas of guilty or no contest unless the defendant first moves to withdraw the plea and the district court denies the motion. *State v. Smith*, 311 Kan. 109, 112, 456 P.3d 1004 (2020). Perales never moved to withdraw his no-contest plea. Again, though, Perales acknowledges that any challenge to these sentences is no longer valid.

On our review of facts in the record before us, we find Perales' claims moot. Perales was sentenced to concurrent 12-month jail terms in June 2021, which he has since completed. Thus, any challenge to the legality of the sentences or their concurrent nature is now irrelevant, given that he has served the imposed sentences. See *Montgomery*, 295

3

Kan. 835, Syl. ¶ 5. Likewise, his claim regarding the illegality of the felony designation of the second count after his plea to the first count does not present an actionable basis for appeal now that he has served the complete corresponding sentence. See K.S.A. 22-3504(a).

For these reasons, we summarily dismiss the appeal as moot.