NOT DESIGNATED FOR PUBLICATION

No. 127,683

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

SEAN M. SHEPARD,
*Appellant.*

MEMORANDUM OPINION

Appeal from Barton District Court; LISA BERAN, judge. Opinion filed April 18, 2025. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before PICKERING, P.J., BRUNS and SCHROEDER, JJ.

PER CURIAM:  Sean M. Shepard appeals the sentence imposed by the district court after he pled guilty to driving under the influence (DUI). We granted Shepard's motion for summary disposition under Supreme Court Rule 7.041A (2024 Kan. S. Ct. R. at 48). The State did not respond to Shepard's motion. Based on our review of the record on appeal, we find no abuse of discretion by the district court in sentencing Shepard. Thus, we affirm.

On November 25, 2022, Shepard was cited for DUI under K.S.A. 8-1567 and with other traffic offenses. Several months later, on June 6, 2023, Shepard—who was represented by counsel—entered into a diversion agreement with the State. In the agreement, Shepard stipulated to the factual allegations set out in the charging document and in the probable cause affidavit. In addition, as part of his stipulation, Shepard

1

admitted that the State had come forward with sufficient evidence to support a DUI conviction as well as a conviction for transporting an open container.

On October 4, 2023, the State filed a motion to reinstate Shepard's prosecution after he failed to complete the terms of the diversion agreement. In the motion, the State alleged that Shepard failed to attend drug and alcohol information school and failed to obtain a substance abuse evaluation within 120 days of signing his diversion agreement.

On March 11, 2024, Shepard—who had been appointed a different attorney—pled guilty to DUI in violation of K.S.A. 8-1567(a)(1). In exchange, the State dismissed his other pending charge. The district court accepted Shepard's plea and sentenced him to six months in the county jail. It then suspended all but the mandatory 48 hours of jail time and placed him on supervised probation for 12 months. The district court also ordered Shepard to pay a fine of $750.

On appeal, Shepard's sole argument is that the district court erred in sentencing him for his first DUI conviction. Even so, he recognizes that his sentence falls within the statutory framework set forth in K.S.A. 8-1567(b) for a first time DUI offender. Generally, "[a] criminal sentence that is within [the] statutory limits will not be disturbed on appeal absent a showing of abuse of discretion or vindictiveness on the part of the sentencing court." *State v. Cooper*, 275 Kan. 823, 827, 69 P.3d 559 (2003); see *State v. Ross*, No. 126,074, 2023 WL 8520793, at *2 (Kan. App. 2023) (unpublished opinion).

A judicial action constitutes an abuse of discretion only if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023). Shepard bears the burden to show an abuse of discretion by the district court. *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022). But Shepard makes no argument and offers us no explanation regarding

how the district court allegedly abused its discretion in sentencing him in accordance with the statutory framework set forth in K.S.A. 8-1567.

Based on our review of the record, we conclude that Shepard's sentence falls within the range specified by K.S.A. 8-1567(b)(1)(A) (first time DUI punishable by "not less than 48 consecutive hours nor more than six months' imprisonment . . . and fined not less than $750 nor more than $1,000"). Moreover, we find nothing to suggest that the district court abused its discretion. Thus, we affirm Shepard's sentence.

Affirmed.