NOT DESIGNATED FOR PUBLICATION

Nos. 128,854
128,855
128,856

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES VALLETTE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Douglas District Court; JAMES R. MCCABRIA, judge. Opinion filed January 30, 2026. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before SCHROEDER, P.J., MALONE and GARDNER, JJ.

PER CURIAM: James Vallette appeals his sentences in three cases consolidated on appeal. We granted Vallette's motion for summary disposition under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). The State does not respond. After thoroughly reviewing the record, we affirm the district court's judgment.

*Factual background*

On January 18, 2024, in case No. 24-CR-63 (Case 1) the State charged Vallette with one count of violating a protective order, one count of criminal damage to property,

1

and one count of interference with law enforcement. Those charges were amended on May 13, 2024, to one count of criminal damage to property and one count of interference with law enforcement. In case No. 24-CR-426 (Case 2), the State charged Vallette on May 6, 2024, with one count of interference with law enforcement and one count of criminal damage to property. On May 30, 2024, in case No. 24-CR-509 (Case 3), the State charged Vallette with two counts of domestic battery.

Vallette entered into a plea agreement with the State in all three cases. He agreed to plead guilty or no contest to one count of criminal damage to property in Case 1, one count of criminal damage to property in Case 2, and one count of domestic battery in Case 3. In exchange, the State agreed to dismiss the remaining counts in all three cases and recommend that Valette be sentenced to 6-month jail terms suspended to concurrent 12-month probation terms in each case and that his probation in two other cases not be revoked. The district court held a joint plea hearing on July 15, 2024. The district court accepted Vallette's guilty pleas on the three counts consistent with the plea agreements and granted the State's motion to dismiss the remaining counts. The State withdrew its motions to revoke probation in the two cases not part of this appeal.

Both the State and defense requested that the district court follow the terms of the plea agreement and suspend any jail sentences in favor of probation. The defense argued that Vallette had family support, stable housing, motivation to avoid jail time, the desire to avoid contact with the victim in these cases, and an understanding of community resources to help him avoid reoffending. Vallette spoke briefly on his own behalf that he was ready to avoid the victim, follow probation terms, and support his family.

The district court considered on the record that the three cases were closely related involving the same victim and doubted Vallette's ability to stay away from the victim if sentenced to probation. The district court sentenced Vallette to 6 months in jail in all three cases with Cases 1 and 2 to run concurrent with one another and consecutive to

2

Case 3 for a total controlling sentence of 12 months in jail for all three cases. The district court also imposed $50 restitution in Case 1 and $40 restitution in Case 2. Vallette timely appealed his sentence in all three cases. The cases were consolidated on appeal.

*Analysis*

Vallette raises several sentencing issues on appeal: He claims the district court erred in imposing a six-month jail term in each of Cases 1, 2, and 3; he claims the district court erred in imposing the Case 3 sentence consecutive to the Cases 1 and 2 sentences; and he claims with no explanation "that the district court erred in sentencing him."

Vallette first challenges the six-month jail sentences in each case. He concedes that under *State v. Cooper*, 275 Kan. 823, 827, 69 P.3d 559 (2003), appellate courts will not disturb a sentence within statutory limits absent a showing of an abuse of discretion or vindictiveness by the sentencing court. Our Supreme Court has more recently reaffirmed that holding in *State v. Brown*, 309 Kan. 369, 375, 435 P.3d 546 (2019). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Younger*, 320 Kan. 98, 137-38, 564 P.3d 744 (2025). The party asserting the district court abused its discretion bears the burden of showing it. *State v. Peters*, 319 Kan. 492, 497-98, 555 P.3d 1134 (2024).

Vallette was convicted of criminal damage to property under K.S.A. 2023 Supp. 21-5813(a)(1), (c)(3) for the counts in Cases 1 and 2. K.S.A. 2023 Supp. 21-5813(c)(3) lists the offense as a class B misdemeanor. In Case 3, Vallette was convicted of domestic battery under K.S.A. 2023 Supp. 21-5414(a)(2), (c)(1)(A). K.S.A. 2023 Supp. 21-5414(c)(1)(A) lists the offense as a class B misdemeanor. Thus, all of Vallette's convictions were class B misdemeanors. K.S.A. 21-6602(a)(2) provides that a jail sentence for a class B misdemeanor shall not exceed six months. Therefore, because

3

Vallette was given six-month jail sentences for each conviction, the sentences are within the statutory limit, and we will not overturn them absent an abuse of discretion or a showing of vindictiveness by the district court. *Brown*, 309 Kan. at 375.

But Vallette does not assert in his motion how the district court abused its discretion or acted with vindictiveness. An issue not briefed is deemed waived or abandoned. *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021). Because the jail term portion of the sentences in Cases 1-3 are within the statutory limit and because Vallette does not attempt to show an abuse of discretion or vindictiveness by the district court, we will not overturn the jail term portion of his sentences.

Vallette next claims the district court erred in imposing the sentence in Case 3 consecutive to the concurrent sentences in Cases 1 and 2. But Vallette cites *State v. Jamison*, 269 Kan. 564, 576, 7 P.3d 1204 (2000), where our Supreme Court held that whether sentences should run concurrent or consecutive is within the sound discretion of the trial court. That holding has been more recently affirmed in *State v. Ross*, 295 Kan. 1126, 1138, 289 P.3d 76 (2012). As above, Vallette does not assert how the district court abused its discretion and has waived the issue. *Davis*, 313 Kan. at 248.

Finally, Vallette claims the district court "erred in sentencing him." But Vallette does not explain in his motion how any portion of his sentence was erroneously imposed. A point raised incidentally and not argued is deemed waived or abandoned. *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020).

Affirmed.